**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Criminal Action No. 04-128-06 (RMC) |
| ) | |
| **KENNETH DODD,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION**

On January 9, 2007, the Court began jury selection for a death penalty trial with four co-defendants: Kenneth Dodd, Tommie Dorsey, Jonte Robinson, and Larry Gooch, Jr. During the jury selection process, Messrs. Dodd, Dorsey, and Robinson entered into a "wired" plea agreement with the United States. Each of them pled guilty to narcotics conspiracy, RICO conspiracy, and various gun charges. In addition, Messrs. Dorsey and Robinson pled guilty to two murders, in return for which the parties agreed to a sentence of 25 years for each Defendant. The plea agreement was presented to the Court on January 17, 2007, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The Court went through separate colloquies with each Defendant pursuant to Federal Rule of Criminal Procedure 11, and Messrs. Dodd, Dorsey, and Robinson each pled guilty after satisfying the Court that their pleas were knowing and voluntary. Mr. Gooch proceeded to trial and was later convicted and sentenced to life in prison.

Several months after pleading guilty and only two days before the jury began deliberating in Mr. Gooch's trial, Mr. Dodd filed a notice stating that he wanted to withdraw his

guilty plea. *See* Dodd's May 7, 2007 Notice [Dkt. # 790].[1] Mr. Dodd claimed that: 1) the Court had not, in fact, accepted his plea; 2) the Court did not specifically inform him that his plea could not be withdrawn once accepted; 3) the Court improperly inserted itself into the plea-bargaining process; and 4) his plea was coerced. *See id.* The Court rejected each of Mr. Dodd's arguments and denied his motion. *See United States v. Robinson*, 498 F. Supp.2d 328 (D.D.C. 2007).

On May 5, 2008, in accordance with the plea agreement, Mr. Dodd was sentenced to 287 months incarceration and five years of supervised release. *See* Minute Entry May 5, 2008. Mr. Dodd appealed the judgment arguing that: 1) the Court did not accept his guilty plea; 2) the Court abused its discretion in denying his motion to withdraw his plea; 3) the Court's Rule 11 colloquy was defective; 4) the Court improperly intruded itself into the plea-bargaining process; 5) he was coerced into accepting the plea; and 6) he should be able to withdraw his plea based upon new sentencing guidelines that lowered the base level for crack cocaine offenses. *See United States v. Robinson*, 587 F.3d 1122 (D.C. Cir. 2009). The Court of Appeals rejected each of Mr. Dodd's arguments and affirmed the district court's judgment. *See id.*

On December 17, 2010, Mr. Dodd filed a motion to vacate his sentence under 28 U.S.C. § 2255. [Dkt # 1125]. He withdrew this motion on February 7, 2011 and, with the Court's leave, filed an amended § 2255 motion on April 11, 2011. *See* [Dkt # 1135] ("Mot. to Vacate"). The United States opposed this motion [Dkt # 1162] and Mr. Dodd filed a reply on September 19, 2011 [Dkt # 1168]. Mr. Dodd's motion will be denied.

---

[1] Mr. Dodd's co-defendants filed similar notices which were also denied. *See* Robinson's May 3, 2007 Notice [Dkt. # 789] & May 21, 2007 Notice [Dkt. # 807]; Dorsey's June 13, 2007 Notice [Dkt. # 822].

## I. LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced in federal court may move to vacate, set aside, or correct his sentence if the sentence was imposed "in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or [the sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255. To gain relief under § 2255, the defendant must show "a good deal more than would be sufficient on a direct appeal from his sentence." *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992), *cert. denied*, 506 U.S. 915 (1992). The defendant must demonstrate, by a preponderance of the evidence, *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973), that "the plea proceeding was tainted by a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Weaver*, 265 F.3d 1074, 1077 (D.C. Cir. 2001), *cert. denied*, 535 U.S. 955 (2002). Typically, a prisoner is entitled to an evidentiary hearing to meet his burden unless "the motion and files and records of the case conclusively show the prisoner is entitled to no relief." *United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996).

## II. ANALYSIS

Mr. Dodd argues that his sentence should be vacated because: a) the Court lacked jurisdiction; b) "[t]he indictment failed to allege any facts by and through a witness competent to testify, testifying under oath and attesting to authenticated evidence to show that a violation of federal law had occurred under any statutory authority;" c) his plea was coerced; d) he had ineffective

assistance of counsel; e) he was "deprived of [his] Sixth Amendment right[] to confrontation;" and f) one or more search warrants was defective.[2]

### A. Jurisdiction

Mr. Dodd argues that "[t]he court was deprived of subject matter jurisdiction due to due process of law violations and fraud on the court." Mot. to Vacate at 1. Mr. Dodd does not explain what these alleged violations were or what fraud deprived this Court of jurisdiction. *See id.* Because Mr. Dodd was charged with (and pled guilty to) a violation of federal law, this Court had jurisdiction. *See* 18 U.S.C. § 3231; *cf. United States v. Clark*, 8 F.3d 839 (1993) ("[T]here is no doubt that the United States Attorney for the District of Columbia enjoys free rein in deciding whether to prosecute in federal or in Superior Court, where the facts support a violation of both local and federal law.")

### B. Faulty Indictment

Mr. Dodd's complaint with respect to the indictment is difficult to decipher. Aside from his opaque and conclusory statement that, "[t]he indictment failed to allege any facts by and

---

[2] Dodd contends that he:

> "was deprived of recording and deposition upon learning that an applicant is requesting a warrant under Federal Crim. P. Rule 41(d)(3)(A) . . . . Defendant deprived of due process of law 5th Amendment and 6th Amendment confrontation and Rule 16 standing discovery by U.S. Magistrate Judge, prosecution and defense attorney malpractice and prejudice covering up fact no prosecution eyewitness exists to testify under oath under constitution Fourth Amendment warrant upon probably cause supported by oath or affirmation, and particularly describing the place to be searched, and person or things to be seized."

Liberally construing this claim in Mr. Dodd's favor, *see Haines v. Kerner*, 404 U.S. 519, 520-521 (1972), the Court assumes Mr. Dodd is arguing that his sentence should be vacated because one or more search warrants was invalid.

through a witness competent to testify, testifying under oath and attesting to authenticated evidence to show that a violation of federal law had occurred under any statutory authority," Mr. Dodd gives no argument or insight into what it is specifically that he is claiming. Mot. to Vacate at 1. To the extent he is complaining about the inadequacy of the indictment, he waived that claim with his guilty plea. *See, e.g., United States v. Fitzgerald*, 466 F.2d 377, 379 (D.C. Cir. 1972) ("a voluntary plea of guilty waives all rights and defenses, known and unknown, past or future"); *Hayle v. United States*, 815 F.2d 879, 881 (2nd Cir. 1987) (by pleading guilty, defendant waives all non-jurisdictional challenges to the prosecution and defects in the prior proceeding).

### C. Coerced Plea

Mr. Dodd has twice raised his argument that his guilty plea was coerced and both this Court and the D.C. Circuit have found it to be without merit. *See United States v. Robinson*, 498 F. Supp.2d 328 (D.D.C. 2007), *aff'd*, 587 F.3d 1122 (D.C. Cir. 2009). Mr. Dodd gives no reason why this Court should revisit this issue, and it therefore declines to do so. *See, e.g., United States v. Greene*, 834 F.2d 1067, 1070 (D.C. Cir. 1987) ("[I]t is . . . well established that a court may decline to review issues raised in a section 2255 motion that have already been decided on direct review"), *cert. denied*, 487 U.S. 1238 (1988); *Brodie v. United States*, 626 F. Supp. 2d 120, 122 (D.D.C. 2009) ("It is well established in the federal circuits that a federal prisoner cannot raise collaterally any issue litigated and adjudicated on a direct appeal from his conviction, absent an intervening change in the law.")

### D. Ineffective Assistance of Counsel

Mr. Dodd alleges that "[t]he attorneys that have handled this case from the beginning have been inept, inadequate and in this case have committed malpractice against my civil liberties

and human rights as a defendant in this case." Mot. to Vacate at 1-2. Like the rest of his allegations, this one is fatally conclusory. Mr. Dodd provides neither support for nor an explanation of how his counsel was allegedly ineffective. To prevail on this claim, he must be able show that 1) his counsel "made errors so serious that [his] counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," and 2) that his counsel's "deficient performance prejudiced [his] defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Mr. Dodd has not met either standard, and his claim must be denied.

### E. Sixth Amendment Right to Confrontation

In pleading guilty, Mr. Dodd expressly waived his Sixth Amendment right to confront the United States' witnesses. *See, e.g. Fitzgerald*, 466 F.2d at 379; *Hayle,* 815 F.2d at 881. Having waived this right, Mr. Dodd cannot rely upon it to vacate his sentence.

### F. Defective Search Warrant(s)

Like his claim under the Sixth Amendment, Mr. Dodd waived any claim he may have had under the Fourth Amendment for any unlawful search or seizure. *See id.* Accordingly, the Court will not vacate or modify his sentence based upon an allegedly defective search warrant, especially when, as here, Dodd fails to identify the search or seizure and how it was (allegedly) constitutionally infirm. Additionally, the validity of all search warrants was already litigated in pretrial proceedings, in which Mr. Dodd was a full and active participant.

## III. CONCLUSION

For the forgoing reasons, Mr. Dodd's motion to vacate or amend his sentence [Dkt. # 1134] is denied. A memorializing Order accompanies this Memorandum Opinion.

DATE: December 6, 2011

/s/
ROSEMARY M. COLLYER
United States District Judge